Counsel for Ms. Hummelbaugh
Weisberg Cummings, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDI LYNN HUMMELBAUGH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AIRGAS USA, LLC,<br><br>　　　　Defendant. | CASE NO. _____<br><br><br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

**THIS FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENTS. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.**

## COMPLAINT

Plaintiff, Randi Lynn Hummelbaugh, formerly Randi Lynn Tarasi ("Ms. Hummelbaugh"), by and through undersigned counsel, Weisberg Cummings, P.C., hereby files this Complaint against Defendant, Airgas USA, LLC ("Airgas"), for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* ("PMWA"), the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("WPCL"), and breach of contract, as follows:

## PARTIES

1. Ms. Hummelbaugh was employed by Airgas from in or about September 2017, until on or about November 4, 2019. Ms. Hummelbaugh is a resident of the Commonwealth of Pennsylvania, residing at 393 Timber Lane, Harrisburg, Dauphin County, Pennsylvania. Ms. Hummelbaugh's consent to become a party plaintiff is attached to this Complaint.

2. Airgas, a Delaware limited liability company, is a leading single-source supplier of gases, welding equipment and supplies, and safety products, with a home office located at 259 North Radnor Road, #100, Radnor, Delaware County, Pennsylvania.

3. At all times relevant to this Complaint, Airgas conducted business operations and employed Ms. Hummelbaugh within the Commonwealth of Pennsylvania.

4. At all times relevant to this Complaint, Ms. Hummelbaugh worked for Airgas based out of her home in Dauphin County, Pennsylvania.

5. At all times relevant to this Complaint, Airgas has been an employer within the meaning of the FLSA, PMWA and WPCL.

6. At all times relevant to this Complaint, Airgas has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7. At all times relevant to this Complaint, Airgas has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

8. Airgas has had, and continues to have, an annual gross income of sales made, or business done, of not less than $500,000.00. 29 U.S.C. § 203(s)(1).

## JURISDICTION AND VENUE

9. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Subject matter jurisdiction over these FLSA claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. The PMWA and WPCL each provide for a private right of action to enforce their provisions. This Court has supplemental jurisdiction over Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

11. Venue in this district is proper under 28 U.S.C. § 1391(b), because Airgas does business in this district and substantial unlawful conduct giving rise to the claims set forth in this Complaint occurred in this district.

## BACKGROUND

12. Ms. Hummelbaugh was a Remote Senior Talent Acquisition Recruiter at Airgas, a position which did not require an advanced degree, and acquired her skill by experience rather than by an advanced specialized intellectual instruction with respect to her job qualifications.

13. Airgas told Ms. Hummelbaugh that she would earn a salary, plus a ten percent (10%) bonus, and she was not paid by the hour or an overtime rate, although federal and state law requires paying her by the hour and at an overtime rate for hours in excess of forty (40) hours per week.

14. From the date of her hire, Ms. Hummelbaugh frequently had to work in excess of forty (40) hours per week.

15. Airgas willfully refused to pay Ms. Hummelbaugh overtime for the time she worked in excess of forty (40) hours per week from her date of hire until the date of her termination.

16. Airgas has willfully violated the FLSA, related federal regulations, and the PMWA, through its failure to properly pay Ms. Hummelbaugh for all overtime hours she has worked. In particular, Ms. Hummelbaugh often worked in excess of forty (40) hours per week, and in such cases, Airgas did not pay additional compensation of at least the legally mandated rate. Airgas knew and was aware at all times that Ms. Hummelbaugh regularly worked in excess of forty (40) hours per week, and yet failed to pay her for all overtime hours she worked.

## COUNT I

### VIOLATIONS OF THE FLSA

17. Ms. Hummelbaugh incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

18. At all times material herein, Ms. Hummelbaugh has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

19. Ms. Hummelbaugh is an "employee" and Airgas was her "employer" covered under Section 203 of the FLSA.

20. The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

21. Section 13 of the FLSA exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Ms. Hummelbaugh. 29 U.S.C. § 213.

22. As set forth above, Airgas violated the overtime provisions of the FLSA as it failed to pay Ms. Hummelbaugh the required one and one-half (1½) times her regular hourly rate for each hour worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. §§ 207(a) and 215(a)(2). Overtime pay is, therefore, due and owing to Ms. Hummelbaugh.

23. Airgas's failures to pay Ms. Hummelbaugh overtime at one and one-half (1½) times Ms. Hummelbaugh's regular rate of pay for all hours worked over forty (40) hours in a workweek was willful, intentional, and malicious.

24. Airgas violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, Airgas also willfully failed to keep accurate records of all hours worked by Ms. Hummelbaugh.

25. Ms. Hummelbaugh is entitled to damages incurred within the three (3) years preceding the filing of this litigation, because Airgas acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

26. Airgas has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not in violation of the FLSA, and as a

result thereof, Ms. Hummelbaugh is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should this Honorable Court find Airgas did not act willfully in failing to pay overtime pay, Ms. Hummelbaugh is entitled to an award of pre-judgment interest at the applicable legal rate.

27. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Airgas from Ms. Hummelbaugh. Accordingly, Airgas is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Ms. Hummelbaugh respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant, Airgas, LLC, as follows:

(a) Enter judgment in favor of Ms. Hummelbaugh against Airgas for violations of the FLSA's overtime requirements;

(b) Award Ms. Hummelbaugh unpaid overtime wages, in an amount to be shown at trial;

(c) Award Ms. Hummelbaugh an additional equal amount as liquidated damages;

(d) Award Ms. Hummelbaugh all compensatory damages, including compensation for any retirement and/or tax consequences;

(e)      Award Ms. Hummelbaugh pre- and post-judgment interest at the legal rate;

(f)      Award Ms. Hummelbaugh her costs and reasonable attorneys' fees in bringing this action;

(g)      Enter an Order enjoining Airgas from future violations of the overtime wage provisions of the FLSA; and

(h)      Award Ms. Hummelbaugh any other relief that this Court or a jury deems appropriate.

## COUNT II

### VIOLATIONS OF THE PMWA

28.     Ms. Hummelbaugh incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

29.     Airgas is an "employer" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and is thereby subject to liability for overtime wages, liquidated damages and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101 *et seq.*

30.     As set forth above, Airgas, by its conduct, violated the overtime provisions of the PMWA as it failed to pay Ms. Hummelbaugh the required one and one-half (1½) times her regular rate of pay for each hour worked in excess of

forty (40) hours in a workweek, in violation of 43 Pa.C.S. § 333.104(c). Overtime pay is, therefore, due and owing to Ms. Hummelbaugh.

31. The PMWA requires that Airgas compensate Ms. Hummelbaugh at a rate of at least one and one-half (1½) times her usual hourly wage for each hour of overtime. 43 Pa.C.S. § 333.104(c).

32. The total amount of compensation due to Ms. Hummelbaugh by Airgas constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

33. Airgas's failure and refusal to pay overtime wages was willful, intentional, and not in good faith.

WHEREFORE, Ms. Hummelbaugh respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant, Airgas, LLC, as follows:

(a) Enter judgment in favor of Ms. Hummelbaugh for violations of the PMWA's overtime requirements;

(b) Award Ms. Hummelbaugh her unpaid overtime wages for being required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, in an amount to be shown at trial;

(c) Award Ms. Hummelbaugh compensation for any retirement and/or tax consequences;

(d) Award Ms. Hummelbaugh pre- and post-judgment interest at the legal rate;

(e) Award Ms. Hummelbaugh her costs and reasonable attorneys' fees in bringing this action;

(f) Enter an Order enjoining Airgas from future violations of the overtime provisions of the PMWA; and

(g) Award Ms. Hummelbaugh any other relief that this Court or a jury deems appropriate.

## COUNT III

### VIOLATIONS OF THE WPCL

34. Ms. Hummelbaugh incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

35. Airgas is an "employer" as that term is defined under the WPCL, and is thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of salary and/or wages under the WPCL, 43 Pa.C.S. § 260.1, *et seq*.

36. Ms. Hummelbaugh is entitled to be paid one and one-half times (1½) times her regular rate of pay for all hours worked in excess of forty (40) in a workweek, as provided by, *inter alia*, 29 U.S.C. § 207(a) and 43 Pa.C.S. §

333.104(c). The failure to pay said wages constituting a violation of the FLSA and PMWA.

37. Airgas has failed to pay Ms. Hummelbaugh one and one-half times (1½) times her regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and PMWA. Airgas has, therefore, failed to regularly pay Ms. Hummelbaugh for all earned wages from the date she was first employed, through the date of her termination, in violation of the WPCL. Accordingly, wages in the form of overtime pay are due and owing to Ms. Hummelbaugh pursuant to Section 260.3(a) of the WPCL.

38. The total amount due to Ms. Hummelbaugh by Airgas constitutes wages under Section 260.2a. of the WPCL, and failure to pay the amount due constitutes a violation of the WPCL.

39. In accordance with Section 260.10 of the WPCL, by reason of Airgas's actions, Ms. Hummelbaugh is entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due.

40. In accordance with Section 260.9a of the WPCL, by reason of Airgas's actions, Ms. Hummelbaugh is entitled to reasonable attorneys' fees associated with this action.

41. The wages withheld from Ms. Hummelbaugh were not the result of any bona fide dispute.

WHEREFORE, Ms. Hummelbaugh respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant, Airgas, LLC, as follows:

(a) Enter judgment in favor of Ms. Hummelbaugh and against Airgas for failing to pay wages in violation of the WPCL;

(b) Award Ms. Hummelbaugh liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due, in an amount to be shown at trial;

(d) Award Ms. Hummelbaugh pre- and post-judgment interest at the legal rate;

(e) Award Ms. Hummelbaugh her costs and reasonable attorneys' fees in bringing this action;

(f) Enter an Order enjoining Airgas from future violations of the wage provisions of the WPCL; and

(g) Award Ms. Hummelbaugh any other relief this Court or a jury deems appropriate.

## JURY DEMAND

Ms. Hummelbaugh demands a trial by jury on all issues triable to a jury as a matter of right.

                        Respectfully submitted,

                        WEISBERG CUMMINGS, P.C.

February 3, 2020  
Date

*/s/ Larry A. Weisberg*  
Larry A. Weisberg, Esquire  
Bar I.D. No.: PA 83410  
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*  
Derrek W. Cummings, Esquire  
Bar I.D. No.: PA 83286  
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*  
Steve T. Mahan, Esquire  
Bar I.D. No.: PA 313550  
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B  
Harrisburg, PA 17110-9380  
(717) 238-5707  
(717) 233-8133 (Fax)

*Counsel for Plaintiff*